```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


SALAHUDDIN SHABAZZ                  :       CIVIL ACTION
                                    :
         v.                         :
                                    :
GEO WARDEN, STAFF, et al.           :       NO. 05-4761
```

M E M O R A N D U M

**GILES, CH. J.**                                    SEPTEMBER    , 2005

Plaintiff, a prisoner at the George W. Hill Correctional Facility, is seeking to bring a civil action without prepayment of fees. In his complaint, plaintiff alleges that proper medical procedures were not being followed by the medical staff in his cell block "until [he] removed [himself] from the block, and went to [the] Shift Commander's office." Plaintiff claims that on one occasion he did not receive his "main meds" on time, and that when he "first arrive[d] at medical," he waited for 1 1/2 hours before being examined, and follow-up contact with the medical staff was delayed overnight. Plaintiff does not indicate the nature or severity of his medical condition, if any. Plaintiff further alleges that he was assaulted by his cellmate, who bit his "left leg after assault." Plaintiff fails to indicate whether he was injured during the assault. Although the alleged assailant was assigned to a new cell, he is still in plaintiff's cell block. Plaintiff asserts that this prisoner should have been moved to a new cellblock, and should be provided "proper medical attention" for "mental problems." Plaintiff does not allege that he has had any further contact with his assailant, and states that he declined to "press charges" after

the assault.  Finally, plaintiff claims that some of his personal property has been missing since the assault.  As relief, plaintiff seeks an order releasing him from confinement, and requiring that the prison follow "corrected and proper procedures."

Pursuant to 28 U.S.C. § 1915(g), a prisoner who on three or more prior occasions while incarcerated has filed an action in a federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied in forma pauperis status unless he was in imminent danger of serious physical injury at the time that the complaint was filed.  Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir.), cert. denied, 533 U.S. 953 (2001).

Plaintiff has on "three or more prior occasions while incarcerated" filed civil actions in this Court which were dismissed as frivolous.[1]  Furthermore, nothing in plaintiff's complaint suggests that he was in imminent danger of serious physical injury at the time that this complaint was filed.

Accordingly, plaintiff's motion to proceed in forma pauperis will be denied.  An appropriate order follows.

---

1.  The three most recent civil actions filed by plaintiff which were dismissed are as follows: (1) Civil Action No. 96-2858 was dismissed as frivolous by order of this Court dated May 7, 1996; (2) Civil Action No. 96-2482 was dismissed as frivolous by order of this Court dated July 9, 1996; and (3) Civil Action No. 96-2430 was dismissed as frivolous by order of this Court dated April 19, 1996.

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SALAHUDDIN SHABAZZ              :      CIVIL ACTION
                                :
          v.                    :
                                :
GEO WARDEN, STAFF, et al.       :      NO. 05-4761
```

**O R D E R**

**AND NOW**, this        day of September, 2005, in accordance with the accompanying memorandum, **IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **DENIED** pursuant to 28 U.S.C. § 1915(g).

                              **BY THE COURT:**


                              **/S/ JAMES T. GILES, J.**